**BRADLEY/GROMBACHER, LLP**
Marcus Bradley, Esq. (SBN 174156)
Kiley Grombacher, Esq. (SBN 245960)
Corey S. Smith, Esq. (SBN 312002)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 618-2939
Email: mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
csmith@bradleygrombacher.com

Attorneys for Plaintiff RASHAD JIMERSON on behalf of himself and others similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| RASHAD JIMERSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUN Technical Services, Inc., dba BHI Energy \| Staffing Solutions, a California Corporation; Southern California Edison Company, Inc., A California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO. 3:24-CV-01150-BAS-VET**<br>**HON. JUDGE: CYNTHIA BASHANT**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Wages in Violation of Labor Code sections 510 and 1198;**<br>2. **Failure to pay all Wages and Minimum Wages in Violation of Labor Code sections 221, 223, 1182, 1194, 1197, and 1198;**<br>3. **Failure to Timely Pay Wages During Employment in Violation of Labor Code Sections 204, 210; and**<br>4. **Failure to Reimburse Business Expenses in Violation of Labor Code section 2802**<br><br>**DEMAND FOR JURY TRIAL** |

SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff, RASHAD JIMERSON (hereinafter "Plaintiff") hereby submits his Second Amended Class Action Complaint against Defendants SUN Technical Services, LLC, dba BHI Energy | Staffing Solutions, a California Limited Liability Company (erroneously listed as a corporation); Southern California Edison Company, Inc., a California Corporation, and DOES 1 through 10, inclusive, (hereinafter referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees of Defendants as follows:

## NATURE OF THE CASE

1. This is a class action arising out of Defendants' failure to provide their non-exempt employees with all wages, meal and rest periods, and business expenses reimbursement in compliance with the applicable wage order and/or the California Labor Code.

2. SUN Technical Services, LLC provides services and staffing solutions to the industrial, oil & gas, and power generation markets, and does business throughout California. San Onofre Nuclear Generating Station (SONGS) is a nuclear power plant owned by Southern California Edison, a California corporation headquartered in Rosemead, California.

3. At all relevant times, Defendants used and maintained uniform, standardized scheduling and timekeeping practices and procedures for all non-exempt, hourly paid employees in California, including Plaintiff and others similarly situated, regardless of their location or position.

4. Defendants have maintained practices across its locations which have failed and continue to fail to pay Plaintiff and other non-exempt employees all wages. Specifically, Defendants have a company-wide policy of rounding all hours worked to the detriment of employees. Further, Plaintiff and other non-exempt employees do not clock-in or clock-out for shifts and as a result, are not paid for all hours actually worked.

5. Moreover, Plaintiff and other employees work a 4/10 alternative

1 workweek schedule but are sometimes expected to work 6 days a week. Plaintiff and other non-exempt employees are not paid all wages.

6. Defendants also failed to reimburse Plaintiff and other non-exempt employees for business related expenses, including but not limited to cellphone expenses.

7. Further, employees do not clock in or out for meal breaks, resulting in Defendants' failure to maintain accurate records.

8. In light of the foregoing, Defendants failed to timely pay all wages during employment. Further, Defendants also failed to pay Plaintiff and other non-exempt employees any wages during the month of February 2024.

9. Plaintiff brings Causes of Action One through Four (the "class claims") as a class action on behalf of himself and other similarly situated individuals who have worked for Defendants in California, at any time from three-years prior to the filing of this complaint, through the resolution of this action. Plaintiff, on his own behalf and on behalf of all Class Members, brings the class claims pursuant to Labor Code sections 204, 210, 221, 223, 246, 500, 510, 1174, 1194, 1194.2, 1197, 1198, 2802, and the applicable wage order.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the Labor Code and the applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## **PARTIES**

11. Plaintiff, Rashad Jimerson is an individual over the age of eighteen (18) and is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California. During the relevant time period, Plaintiff has worked for Defendants in Pendleton, California since approximately August 2023. Plaintiff works as a radiation protection tech and earns $47.50 per hour.

12. SUN Technical Services, LLC, doing business as BHI Energy | Staffing Solutions, is a provider of technical staffing solutions to the power generation industry since 1981. Sun Technical Services employs Plaintiff and other non-exempt employees. Southern California Edison is a California corporation headquartered in Rosemead, California that owns San Onofre Nuclear Generating Station (SONGS), a now-shutdown nuclear power plant located in San Clemente, California.

13. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, Defendants Sun Technical Services and Southern California Edison have transacted, and continues to transact, business throughout the State of California.

14. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant are, now and/or at all times mentioned in this Complaint was in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

15. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendant proximately caused Plaintiff, all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

16. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant and DOES 1 through 10, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

17. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of

said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

18. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

19. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

20. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

21. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and

4
**SECOND AMENDED CLASS ACTION COMPLAINT**

omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

22. The members of the Class (as defined below), including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California.

## JURISDICTION AND VENUE

23. The Court has jurisdiction over this class action pursuant to article 6, section 10 of the California Constitution and Code of Civil Procedure section 410.10.

24. Additionally, this Court has jurisdiction over Plaintiff's and the Class's claims pursuant to the applicable provisions.

25. The Court has jurisdiction over Defendants because they are authorized to do business in the State of California and are registered with the California Secretary of State. Defendants do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the advertising, marketing and sale of goods and services, to render the exercise of jurisdiction over Defendants by the California court consistent with traditional notions of fair play and substantial justice.

26. Venue is proper in San Diego County because the acts which give rise to this litigation occurred in this county and because Defendants have employed class members in this county and transacts business in this county.

## FACTUAL ALLEGATIONS

27. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

*Defendants' Failure to Pay Overtime Wages*

28. During the Class Period, upon information and belief, Defendants had, and continues to have, a company-wide policy of failing to pay Plaintiff and members of the class any overtime wages as described above. Because Plaintiff and members of the

Class worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, which can be seen on Plaintiff's and members of the class's time entry records, they were entitled to overtime wages. However, Defendants failed to pay for all hours worked as a result of rounding.

29. Therefore, Plaintiff and members of the Class were not paid overtime wages for all of the overtime hours they actually worked.

*Defendants' Failure to Pay all Wages and Minimum Wages*

30. As stated above, during the relevant time period, as a result of Defendants' policy of limiting the amount of overtime employees could accrue, and because Defendants rounded hours worked, Plaintiff and members of the class were not paid all wages.

31. Thus, Defendants did not pay at least minimum wages for all hours worked by Plaintiff and class members. To the extent that the off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock.

*Defendants' Failure to Timely Pay all Wages During Employment*

32. Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

33. Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for

weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

34. During the class period, Defendants willfully failed to pay Plaintiff and members of the Class all wages due including, but not limited to, minimum wages, and/or meal and rest period premiums, within the time periods specified by Labor Code section 204. Moreover, Defendants failed to pay Plaintiff and other non-exempt employees any wages during the month of February 2024.

***Defendants' Failure to Reimburse Business Expenses***

35. During the class period, Defendants had a company-wide policy whereby management would require Plaintiff and members of the class to utilize their personal cellphones to complete work-related tasks.

36. Although Defendants required Plaintiff and members of the Class to use their personal cellphones to complete their work-related duties, Defendants failed to reimburse them for this cost. Defendants could have reimbursed Plaintiff and members of the class by providing cellphone allowances. Instead, Defendants passed these operating costs off onto Plaintiff and members of the Class.

***Facts Regarding Willfulness***

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws and that at all relevant times, Defendants knew or should have known, that the Plaintiff Class Members, including Plaintiff, were entitled to receive one hour of pay at the employee's regular rate of compensation for each day that a meal and/or rest period was not provided and were and are entitled to receive pay for all hours worked, accurate itemized wage statements, and pay in a timely manner.

## CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates all preceding paragraphs as though fully set forth

herein.

39. Pursuant to Code of Civil Procedure section 382, this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

40. Plaintiff brings this suit as a class action on behalf of individuals defined as follows:

41. *Plaintiff Class*: All persons who have been, or currently are, employed by Defendants and who held, or hold, job positions which Defendants have classified as "non-exempt" employees in the State of California, at any time since three years prior to filing this action, through the date judgment is rendered in this action.

42. *Numerosity:* Plaintiff is informed and believes, and on that basis alleges, that during the class period hundreds of class members have been employed by Defendants as non-exempt employees in the State of California. Because so many persons have been employed by Defendants in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

43. *Common Questions of Law and/or Fact:* Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of Class Members' claims are as follows:

 a. Whether Plaintiff and Class Members are subject to and entitled to the benefits of California wage and hour statutes;
 b. Whether Defendants failed to pay Plaintiff and Class Members for all hours worked;
 c. Whether Defendants failed to pay Plaintiff and Class Members all overtime;

d. Whether Defendants had a standard policy of not providing compliant meal breaks and premiums to Plaintiff and members of the Plaintiff Class;

e. Whether Defendants had a standard policy of not providing compliant rest breaks and premiums to Plaintiff and members of the Plaintiff Class;

f. Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages;

g. Whether Defendants failed to timely pay wages to Plaintiff and members of the Plaintiff Class during their employment;

h. Whether Defendants failed to reimburse Plaintiff and members of the Plaintiff Class for business-related expenses;

i. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

44. *Typicality:* The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Defendants' common course of conduct in failing to provide their non-exempt employees with meal and rest periods and all wages in compliance with the applicable wage order, or premium compensation at the regular rate in lieu thereof, failing to provide them with proper wages and overtime, failing to reimburse them for work related expenses, and failing to provide them with compliant wage statements has caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class. Plaintiff and the proposed Class sustained the same or similar injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other Class Members as well as Plaintiff. Plaintiff seeks recovery for the

same type of losses, injuries, and damages as were suffered by other members of the proposed class.

45. *Adequacy of Representation:* Plaintiff is an adequate representative of the proposed class because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the class. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

46. *Superiority of Class Action*: A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

47. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the Code of Civil Procedure section 382 because:

a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter,

10
**SECOND AMENDED CLASS ACTION COMPLAINT**

would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION

### Unpaid Overtime

**(By Plaintiff and Members of the Putative Class Against Defendants)**

48. Plaintiff incorporates herein by reference the allegations set forth above.

49. At all times relevant herein, which comprise of the time period not less than three (3) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all overtime hours worked.

50. California Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission ("IWC") wage order require employers to pay employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek at the rate of one-and-one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek. The applicable IWC wage order further provides that employers are required to pay employees working more than twelve (12) hours in a day overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

51. Defendants willfully failed to pay all overtime wages owed to Plaintiff and members of the Class. During the relevant time period, Plaintiff and members of the Class were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours that they worked were not compensated. Defendants knew or should have known that as a result of company-wide practices and/or policies, that prevents Plaintiff and members of the Class from earning overtime, Plaintiff and members of the Class were permitted to perform

work for which they were not paid. Because Plaintiff and members of the Class worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff and members of the Class were not paid overtime wages for all of the overtime hours they actually worked.

52. Defendants' failure to pay Plaintiff and members of the Class the balance of overtime compensation, as required by California law, violates the provisions of Labor Code sections 510 and 1198. Plaintiff and members of the Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon.

## SECOND CAUSE OF ACTION

## Failure to Pay All Wages

**(By Plaintiff and Members of the Putative Class Against Defendants)**

53. Plaintiff incorporates herein by reference the allegations set forth above.

54. At all times relevant herein, which comprise of the time period not less than three (3) years preceding the filing of this action, Defendants was required to compensate their hourly employees for all hours worked.

55. For at least the three (3) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked by subjecting Plaintiff and members of the Class to work off-the-clock as mentioned above.

56. Under the applicable wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the three (3) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with Labor Code section 218.5, and penalties pursuant to Labor Code sections 203 and 206.

57. The applicable IWC wage order section 2(G) defines "hours worked" to mean "the time during which an employee is subject to the control of an employer

and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

58. Defendants suffered or permitted Plaintiff and members of the Class to work portions of the day for which Defendants failed to compensate them. This includes time spent under Defendants' control prior to clocking in, after clocking out, and during meal periods.

59. Labor Code section 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage … is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage … including interest thereon, reasonable attorney's fees, and costs of suit."

60. Labor Code section 1194.2(a) provides in relevant part: "In any action under section 1193.6 or section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

61. Labor Code section 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

62. Plaintiff is informed and believes, and therefore alleges, that Defendants' compensation schemes do not fairly compensate Plaintiff and other Class Members for all hours spent performing their job duties.

63. The failure to pay at least minimum wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates Labor Code sections 1182.11-1182.12, 1194, 1194.2, and 1197; the applicable IWC wage order section 4; and Business & Professions Code.

64. The failure to pay designated wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates Labor Code section 221 and

**13**
**SECOND AMENDED CLASS ACTION COMPLAINT**

223; the applicable IWC wage order section 3; and Business & Professions Code.

65. During the applicable time period, Defendants have and continues to have a pattern and practice of not providing its employees all wages, by failing to include all compensable time.

66. As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## THIRD CAUSE OF ACTION
## Failure to Timely Pay Wages During Employment
## (By Plaintiff and Members of the Putative Class Against Defendants)

67. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

68. Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

69. Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

70. During the class period, Defendants willfully failed to pay Plaintiff and

14
SECOND AMENDED CLASS ACTION COMPLAINT

members of the Class all wages due including, but not limited to, all wages, and/or meal and rest period premiums, within the time periods specified by Labor Code section 204.

71. Labor Code section 210 provides:

> 210. (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows:
>
> (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>
> (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

72. As a proximate result of the above-mentioned violations, Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial. Plaintiff and the members of the Class herein seek damages and penalties pursuant to Labor Code section 210.

## FOURTH CAUSE OF ACTION
## Failure to Reimburse Business Expenses
### (By Plaintiff and Members of the Putative Class Against Defendants)

73. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

74. Labor Code section 2802 requires employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137, 1144.

75. The applicable IWC wage order provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

76. During the Class Period a company-wide policy whereby management would require Plaintiff and members of the class to utilize their personal cellphone.

77. Although Defendants required Plaintiff and members of the Class to use their personal phones to carry out their work-related duties, Defendants failed to reimburse them for this cost. Defendants could have compensated Plaintiff and members of the Class with a phone allowance. Instead, Defendants passed these operating costs off onto Plaintiff and members of the Class. Thus, Defendants had, and continues to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred in violation of Labor Code section 2802.

78. Plaintiff and members of the Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and the Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff Class;
2. For an order that counsel for Plaintiff be appointed class counsel
3. Certification of this class action on behalf of the proposed Plaintiff Class;
4. Designation of Plaintiff as the class representative of the Plaintiff Class;
5. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendants;

16

**SECOND AMENDED CLASS ACTION COMPLAINT**

6. An order appointing Plaintiff's counsel as class counsel;

7. Prejudgment and post judgment interest on all sums awarded;

8. For compensatory damages;

9. For penalties pursuant to Labor Code sections 200, 210, 2699;

10. For interest accrued to date;

11. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226, 1194 and 2699(g)(1);

12. For reasonable attorneys' fees pursuant to Labor Code section 218.5, 2699(g)(1), and Code of Civil Procedure section 1021.5, and/or other applicable law; and

13. A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law;

   a) Labor Code section 1198 for failing to pay overtime;

   b) Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198, 221, 223, for failing to pay all wages;

   c) Labor Code sections 204 for failing to pay wages timely during employment;

   d) Labor Code section 2802 for failing to reimburse business expenses;

14. For all such other and further relief that the Court may deem just and proper.

DATED: August 26, 2024　　　　　　　　　　**BRADLEY/GROMBACHER, LLP**

By: _____
Marcus Bradley, Esq.
Kiley Grombacher, Esq.
Corey S. Smith, Esq.
Attorneys for Plaintiff and others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of Plaintiff's and the members of the Class's claims by jury to the extent authorized by law.

DATED: August 26, 2024            **BRADLEY/GROMBACHER, LLP**

By: _____
Marcus Bradley, Esq.
Kiley Grombacher, Esq.
Corey S. Smith, Esq.
Attorneys for Plaintiff and others similarly situated